IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiffs, | | **8:25CR235** |
| vs. | | |
| DESHAWN P. JACKSON, | | **MEMORANDUM AND ORDER** |
| Defendant. | | |

This matter is before the Court on Defendant's Motion to Revoke Order of Detention (Filing No. 268), which the Court construes as an appeal of United States Magistrate Judge Michael Nelson's Order of Detention (Filing No. 117). For the reasons explained below, Defendant's motion will be denied.

## BACKGROUND

Defendant, along with multiple others, is charged in a 23-count indictment, stemming from alleged racketeering activity by the Omaha Crips 4s gang. (Filing No. 55.) This alleged racketeering activity includes incidents involving murder, attempted murder, assault, firearm trafficking, and drug trafficking. (Filing No. 55.) Defendant, who is alleged to be a member of the Omaha Crips 4s gang, is not charged in all counts of the indictment—he is only charged in Counts 6, 7, 9, 15, 22, and 23. These Counts charge violations of 18 U.S.C. § 1959(a)(6) and Section 2 (conspiracy to commit assault with a dangerous weapon), 18 U.S.C. § 1959(a)(3) and Section 2 (assault with a dangerous weapon in aid of racketeering), 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (felon in possession of a firearm), 18 U.S.C. § 924(o) (firearms conspiracy), and 18 U.S.C. § 933(a)(3) (firearms trafficking conspiracy).

1

On November 21, 2025, a detention hearing was held before Magistrate Judge Nelson. (Filing No. 106.) Following the hearing, Magistrate Judge Nelson entered an Order of Detention, detaining Defendant pending trial.  (Filing No. 117.) Magistrate Judge Nelson concluded that Defendant would be detained because the Government had shown by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person in the community. (Filing No. 117.)  Magistrate Judge Nelson cited the following factors in his decision to detain Defendant: (1) The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) Defendant is subject to a lengthy period of incarceration if convicted; (3) Defendant's history of alcohol or substance abuse; (4) Defendant's prior criminal history; (5) Defendant's history of violence or use of weapons; and (5) Defendant's release poses a serious danger to any person or the community.  (Filing No. 117.)

## DISCUSSION

Defendant seeks review of Magistrate Judge Nelson's Order of Detention.  The Court has conducted a *de novo* review of the record, including (but not limited to) the transcript of the evidentiary hearing, exhibits, and briefing on Defendant's instant motion.  *See* NECrimR 46.2. Having fully reviewed the matter, the Court will affirm Magistrate Judge Nelson's Order of Detention and order that Defendant be detained pending trial.

Pursuant to 18 U.S.C. § 3142(g), the Court must consider the following in determining whether an individual should be detained pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the individual; (3) the individual's history and characteristics, including his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," and "whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law;" and (4) the nature and seriousness of the danger to any person or the community that would be posed by the individual's release. 18 U.S.C. § 3142(g). Having considered these factors in conjunction with the record and evidence presented in this case, the Court finds pretrial detention is appropriate.

2

The "nature and circumstances of the offense charged" weighs in favor of detention. Defendant acknowledges in his brief that, on the face of the indictment, he is charged with crimes of violence which involve firearms. (Filing No. 269.) However, Defendant attempts to minimize his charges by pointing out that he is not charged in all counts of the indictment, specifically those involving murder. (Filing No. 269.) He also tries to distance himself from gang activity by arguing that he is not part of the gang's chain of command or specifically featured in a "vlog" that was referenced at the evidentiary hearing. (Filing No. 112, Ex. 1.) However, Defendant's alleged crimes are unquestionably serious, and he faces a lengthy period of incarceration. The fact that Defendant is not implicated in the alleged murderous activity or considered in the hierarchy of the gang in no way mitigates the seriousness of the charges against him.

The "weight of the evidence" against Defendant also favors detention. Defendant's role in the alleged criminal enterprise involves a well-documented shooting incident that occurred at a bar on April 13, 2024. (Filing No. 55; Filing No. 112, Ex. 1.) In sum, a bystander at the bar began recording an argument between gang members on her phone and Defendant knocked the phone out of the bystander's hand. (Filing No. 236 at CM/ECF p. 107-08; Filing No. 112, Ex. 1.) Defendant's co-defendant, Johnny Chatmon, then shot the bystander's son. (Filing No. 236 at CM/ECF p. 108; Filing No. 112, Ex. 1.) The shooting was video and audio recorded. The weapon used in the shooting was later recovered from a residence that law enforcement saw Defendant entering before being taken into custody. (Filing No. 236 at CM/ECF p. 110.) The weight of the evidence against Defendant supports detention.

Defendant's "history and characteristics" likewise favors detention. Defendant argues he should be released because he was employed at the time of his arrest and, aside from a period of incarceration, has always resided in Omaha. (Filing No. 269; Filing No. 7.) He also argues he should be released because he obtained a Chemical Dependency Evaluation (Filing No. 271, Ex. 102) which recommends that he participate in outpatient chemical dependency treatment. Further, he claims his release is supported by a character reference provided by his brother, which indicates Defendant has family support. (Filing No. 271, Ex. 103.) However, what Defendant fails to mention is his extensive criminal history—dating back to when he was just 10 years old—and

3

background of violence, gang affiliation, weapons use, substance abuse, and failures to appear for court proceedings.[1] (Filing No. 7.)

Defendant's Pretrial Services Report sets out Defendant's criminal background in detail and recommends that he be detained. (Filing No. 7.) Probation and Pretrial Services determined that Defendant poses a risk of nonappearance, poses a risk of danger to the community, and that no combination of conditions will reasonably assure Defendant's appearance for future proceedings or reasonably assure the safety of others in the community. (Filing No. 7.) The report cites charges of robbery against Defendant (the first time he was charged with this offense was at age 15 and then again at age 17), firearms offenses (carrying a concealed weapon and possession of a weapon by a minor at age 15 and then being a felon in possession of a firearm at age 20 and again at age 22), and drug possession, as well as other offenses. (Filing No. 7.) The report also notes periods of incarceration and several failures to appear for traffic offenses and warrants for failing to pay court costs and fines. (Filing No. 7.) Additionally, the report references an incident in which Defendant was a front seat passenger in a vehicle with gang members who fled, crashed the vehicle in which they were occupying, and then ran from law enforcement. (Filing No. 7.) Firearms were recovered from the crashed vehicle, including from the area where Defendant was seated in the vehicle. (Filing No. 7.) Defendant was charged with two counts of being a felon in possession of a firearm, possession of receiving a stolen firearm and being a habitual criminal. (Filing No. 7.) Defendant also has a history of substance abuse. (Filing No. 7.)

Despite the findings in the Chemical Dependency Evaluation, there is no guarantee that Defendant will be compliant in substance abuse treatment or that such treatment will reduce Defendant's propensity for violence and criminal activity to such a degree as to assure the safety of the community. Moreover, even assuming Defendant does, in fact, have a strong family support system, this system has had no impact on Defendant's pattern of criminal behavior, which began when he was a young child.

For these reasons, the Court will affirm Magistrate Judge Nelson's Order of Detention. This Court finds, as did Magistrate Judge Nelson, that Defendant is a danger to the community

---

[1] The Court acknowledges that Defendant's current failure to appear is for traffic offenses, and other warrants issued for Defendant appear to be for failing to pay fines and court costs on three separate occasions in three different cases.

and that no conditions of release or combination of conditions will reasonably assure the safety of the community.[2]

Accordingly,

**IT IS ORDERED:**

1.  Defendant's Motion to Revoke Order of Detention (Filing No. 268) is denied.
2.  The Magistrate Judge's Order of Detention (Filing No. 117) is affirmed.
3.  Defendant shall remain detained pending trial.

Dated this 3rd day of February, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

---

[2] In its brief in response to Defendant's present motion, the Government invites the Court to review evidence pertaining to Defendant's risk of nonappearance at future court proceedings. (Filing No. 274.) Based on Defendant's history of failing to appear at court proceedings, warrants, and Defendant's history of running from law enforcement (which, notably, has resulted in firearms charges), the Court would also find that Defendant is a risk for nonappearance at future proceedings related to this case and find that detention would be warranted on this basis. (Filing No. 7.)